UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| AARON BROOKS, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No.: 3:14-CV-459-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the Court on Petitioner's Pro Se Motion Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) [Doc. 3].[1] Petitioner moves the Court to relieve him from the judgment denying and dismissing with prejudice his motion for post-conviction relief pursuant to 28 U.S.C. § 2255 [Doc. 847]. For the reasons discussed herein, the motion is **DENIED**.

**I.    Background**

The facts of this case are summarized in the Court's memorandum opinion entered contemporaneously with the judgment [Doc. 846]. On September 26, 2014, Petitioner filed his Motion to Vacate Under 28 U.S.C. § 2255 regarding claims of ineffective assistance of counsel [Doc. 759]. This Court denied his motion and dismissed it with prejudice, simultaneously denying a certificate of appealability [Doc. 847]. Petitioner then applied

---

[1] This memorandum opinion and order refers to filings both within Petitioner's civil case, 3:14-CV-459, and his original criminal case, 3:07-CR-51-5. For the sake of brevity in document citations, numbers one through four refer to the civil case, and all others refer to his criminal docket.

for leave to file a second or successive § 2255 motion with the Sixth Circuit Court of Appeals, arguing that his conviction for conspiracy to distribute and possess with intent to distribute several controlled substances, in violation of 21 U.S.C. §§ 846, and 841(a)(1), (b)(1)(A), may not sustain a § 924(c) conviction after *United States v. Davis*, 139 S. Ct. 2319 (2019) [*See* Doc. 1]. The Sixth Circuit denied his request, stating that Petitioner's drug-conspiracy conviction is a § 924(c) predicate offense as a "drug trafficking crime" under § 924(c)(2) and that *Davis* "does not call [Petitioner's] § 924(c) conviction into question" [Doc. 2 p. 3]. The Sixth Circuit therefore held that *Davis* did not apply to Petitioner's case and that he had not made a prima facie showing that his motion relies on a new rule of constitutional law which may allow him to bring a successive § 2255 motion. Accordingly, his application to file a second or successive motion was denied [*Id*. p. 4]. Petitioner then filed the instant motion.

**II.     Standard of Review**

As a threshold matter, the Court must determine whether Petitioner's motion for relief properly has been brought under Rule 60(b) or whether it should be considered a second or successive § 2255 motion. In the context of § 2255 relief, Rule 60(b) is not intended to raise new grounds for relief or challenge the merits of the district court's order but to resolve "some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). If a Rule 60(b) motion raises new "claims" after having already litigated a § 2255 motion or if the motion attacks the federal court's previous resolution of a claim on the merits, the Court must interpret defendant's Rule

60(b) motion as a second or successive § 2255 motion.  *Id.* (holding that "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims,'" even if raised in a Rule 60(b) motion); *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007) (applying *Gonzalez* in the § 2255 context and holding that a Rule 60(b) motion should be considered a § 2255 motion if it challenges the prior resolution of a claim "*on the merits*").

### III. Analysis

Petitioner now argues for relief from this Court's denial of his § 2255 for the same reasons presented to the Sixth Circuit.  He argues that his conviction in Count One for conspiracy to distribute controlled substances cannot be a predicate to sustain a § 924(c) conviction [Doc. 4 p. 1].  He states he was not found guilty of a serious drug offense, but that he was found guilty of conspiracy to commit a serious drug offense [*Id.* p. 2].  He argues that the elements for the drug offense and the elements for conspiracy are different, and therefore his drug conviction may not support the § 924(c) conviction [*Id.* p. 6].

Petitioner requests relief under Rule 60(b)(6) but fails to allege a defect in the integrity of the federal habeas proceedings.  His motion here raises new grounds to this Court, as they were not raised in his prior § 2255 motion.  Therefore, the Court must interpret the present motion not as a 60(b)(6) motion, but as a second or successive § 2255 motion. *Id*.  However, the Sixth Circuit has already considered these arguments in this context and determined that Petitioner's drug conspiracy conviction qualifies as a predicate to a § 924(c) conviction, therefore denying leave to file a successive § 2255 motion.

3

Accordingly, Petitioner's motion [Doc. 3] is **DENIED**. To the extent that Petitioner believes he has additional grounds not raised in his prior § 2255 motion and not previously addressed by the Sixth Circuit's order [Doc. 2], he may apply with the Sixth Circuit for leave to file a successive § 2255 motion.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE